UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TIRA MISU,

                              **MEMORANDUM & ORDER**

         Plaintiff,                    09-CV-2656 (NGG)

   -against-

COLGATE PALMOLIVE CORP.,

         Defendant.
----------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      On February 19, 2009, Plaintiff filed an in forma pauperis complaint alleging that Defendant sold a defective toothpaste product. By Order dated June 30, 2009, the court dismissed Plaintiff's complaint for lack of subject-matter jurisdiction. (Docket Entry # 4.) On March 22, 2010, the Clerk's Office received a combined notice of appeal and motion for extension of time. (Notice and Motion (Docket Entry # 7).) The Clerk's Office forwarded the application to Chief Judge Dearie. Judge Dearie, in turn, referred Plaintiff's motion to me as the District Judge assigned to this case.

      Plaintiff states that she received the court's decision on July 7, and mailed her "combined notice of appeal and motion for an extension of time" to the court on July 18, 2009.[1] (Notice and Motion 1.) The Clerk received Plaintiff's application 265 days after this court entered judgment. The court construes Plaintiff's pro se application as a motion for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5) and as a motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). For the following reasons Plaintiff's motions are dismissed and denied, respectively.

---

[1] The court notes that the postmark on the envelope in which Plaintiff mailed her motion to the court is dated March 19, 2010. (See Docket Entry # 7.)

1

I. DISCUSSION

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1). Under Rule 4(a), a notice of appeal from a private civil case "must be filed within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). It is "well established that a notice of appeal is effective on the date it is actually filed, and is filed as of the date it is actually received by the court, not as of the date it is mailed." Ludgood v. Apex Marine Corp. Ship Mgmt., 311 F.3d 364, 368 (5th Cir. 2002) (internal citations omitted); see 16A Charles Alan Wright et al., Federal Practice and Procedure § 3949.1 (4th ed. 2008) (collecting cases). If a party files a notice of appeal after the time prescribed by Rule 4(a), a district court may, in limited circumstances, grant an extension of time under Rule 4(a)(5) or may reopen the time to file an appeal under Rule 4(a)(6).

A. Federal Rule of Appellate Procedure 4(a)(5)

Under Rule 4(a)(5), "[t]he district court may extend the time to file a notice of appeal if a party so moves no later than 30 days after the time prescribed by this Rule 4(a)." Fed. R. App. P. 4(a)(5)(A). But "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). District courts "lack jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30-day 'grace period.'" Cohen v. Empire Blue Cross and Blue Shield, 142 F.3d 116, 118 (2d Cir. 1998). Rule 4(a) required Plaintiff to file a notice of appeal within 30 days of this court's order dismissing her case. Fed. R. App. P. 4(a)(1)(A). Plaintiff "filed" her motion with the clerk's office 265 days after this court entered

2

judgment. Accordingly, the court is without jurisdiction to consider Plaintiff's motion for an extension of time under Rule 4(a)(5).

## B. Federal Rule of Appellate Procedure 4(a)(6)

After the time period to file a notice of appeal has expired, a district court may reopen the time to file an appeal under Rule 4(a)(6) if three conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Under this standard, the court cannot reopen Plaintiff's time to file a notice of appeal. Rule 4(a)(6)'s second condition is not satisfied. Plaintiff "filed" her motion 258 days after she claims she received the court's decision and 265 days after this court entered judgment.

## II. CONCLUSION

Plaintiff's motion to extend the time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5) is dismissed for lack of jurisdiction. Plaintiff's motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6) is denied.

SO ORDERED.

Dated: Brooklyn, New York
April 6, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

3